This was an indictment for horse-stealing. It charged the stealing of the horse of Stephen Harris. Upon evidence it appeared, that the man whose horse *Page 435 
was stolen was named Harrison. The witness stated that his name of baptism was Harrison, though his neighbors sometimes called him Harris.
I am inclined to believe the objection is sustainable. An indictment for the stealing of the goods of a person unknown may be good. But where a person is indicted for the stealing of the property of A. you cannot give evidence of the stealing of the property of B. In this case the man says his name is Harrison and not Harris. They are two distinct names, and well known as such. Where a person is known by two names an alias dictum would be proper. The indictment is intended to give notice to the accused how to defend himself, and it should contain so much certainty as to enable him to do this without being inveigled or deceived. A person may be indicted by his name of reputation, but this reputation should be general, unless there be analias dictum. So as it respects the property stolen the name of the owner should at least have a general reputation, otherwise the person indicted cannot know how to come prepared to defend himself. This reasoning seems to receive strength from our Act of Assembly, which directs that a jury shall give a verdict in favor of the person losing his property, for its value.