STATE *ex rel.* WILLIAMS *v.* JONES *et al.*

(Transferred to *Knoxville,* September ·Term, 1942.)

Opinion filed October 10, 1942.

JACK NORMAN and WALKER & HOOKER, all of Nashville, for plaintiff in error.

HORACE OSMENT and CHARLES L. CORNELIUS, both of Nashville, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was instituted by petition for *mandamus* directed at defendants, the Davidson County Board of Election Commissioners. It appeared from the petition that an election for councilman for the Sixth Ward of the City of Nashville was held on September 3, 1942, in which relator Williams received 87 votes and one Hudson received 83 votes. A *mandamus* was sought to compel the defendant Board to issue a certificate of election to relator Williams.

The record exhibited to a Justice of this Court during the vacation, along with a petition for *certiorari,* showed that one of the circuit judges at Nashville had upon presentation of the petition for *mandamus* issued the peremptory writ as prayed in the petition, no alternative writ being issued and the defendants not being afforded an opportunity to answer. Conceiving that the circuit judge had exceeded his jurisdiction in granting the peremptory writ under such circumstances, the Justice of this Court directed the issue of the writs of *certiorari* and *supersedeas* to bring the case here upon authority

of *State ex rel.* v. *Grindstaff*, 144 Tenn., 554, 234 S. W., 510.

After the record was filed in this Court, counsel for the relator and counsel for the defendants entered into a stipulation by the terms of which counsel for defendants waived the right to answer and all counsel agreed that the case might be here determined on its merits upon the facts stated in the petition for *mandamus* and in the petition for *certiorari* and *supersedeas* addressed to this Court.

There is in truth no dispute about the facts. The Commissioners of Election declined to issue the certificate of election to relator Williams because the latter had not within more than five days before election filed a detailed statement of his campaign expenses with the chairman of the County Election Commission. The Commissioners declined to issue a certificate of election to the opposing candidate because he had not received a majority of the votes cast.

Section 2259 of the Code provides, among other things, that any candidate in an election for a State, city or district office shall, ''not more than ten days nor less than five days before such . . . final election,'' file such a statement with the officer designated in Code, section 2261. In the case of a municipal election, this statement is to be filed with the chairman of the county board of election.

Code, section 2265, provides: ''No officer or board, authorized to issue certificates of nomination or election, shall issue any such certificate to any person until the statements required by this statute shall have been made and filed, in accordance with its provisions.''

Code, sections 2262 and 2264 provide for the filing of post-election statement of expenses. Both these state-

ments, under other sections of the Code, are required to be verified under oath.

Code, section 2263 provides that any person violating the sections providing for these statements of expenses shall be fined not less than $100.00 nor more than $5,000.00, or confined in the county jail not'less than thirty days nor more than twelve months, or both.

Code, section 2266 provides: ''No person shall be permitted to qualify as an officer or to receive a certificate of nomination or election until he shall have filed the statement, as provided, and no officer shall receive any salary, or other emolument of office, until such statement shall have been filed as herein provided.''

Code, section 2267, provides that such statements when so filed shall be open to public inspection.

Other sections of the Code embodying this Corrupt Practices Act (chapter 59 of the Acts of 1927) are not material to this investigation.

It is conceded by counsel for the defendant Commissioners that our Corrupt Practices Act was taken from a like statute enacted several years before our statute in the State of Kentucky. Many of the provisions of our statute are identical with the provisions of the Kentucky statute.

When a statute of another State is adopted in Tennessee, the judicial construction in the State of its origin is imported and written in the statute in so far as this construction does not antagonize our laws and our public policy. *Smith* v. *Dayton Coal, etc., Co.*, 115 Tenn., 543, 92 S. W., 62, 4 L. R. A. (N. S.), 1180; *Gazzola* v. *Kimball,* 156 Tenn., 229, 299 S. W., 1039.

In the case of *Ridings* v. *Jones,* 213 Ky., 810, 281 S. W., 999, 1001, the Court of Appeals of Kentucky,

speaking of the Corrupt Practices Act in that State said this:

"Construing the statute, this court has steadily held that the statute is mandatory as to the filing of the pre-election expense account, but directory only as to the time when it shall be filed, and a substantial compliance with the statute as time of filing is sufficient," citing many of its previous decisions.

Now, in the case before us, according to the petition for *mandamus*, the relator prepared a detailed statement of his expenses and "he posted" this statement addressed to the Davidson County Board of Election Commissioners on August 29, 1942, which statement was signed but was not verified by oath.

This statement was received by the Board of Election Commissioners, together with the envelope in which it was enclosed. The statement and the envelope are filed as an exhibit to the petition for *certiorari* and the postmark on the envelope bears date August 31, 8:30 A. M.

The apparent contradiction between the relator's statement and the postmark may be explained by the fact that August 29 was Saturday and August 31 Monday. The statement may have been posted at a late hour on the 29th in a box in which mail was not taken up on Sunday.

At any rate, the Commissioners received this statement on August 31, three days before election, and under the construction given the statute by the Court of Appeals, this was a substantial compliance with the provisions as to the time such statement should have been filed.

In *Hoskins* v. *McGuire*, 194 Ky., 785, 241 S. W., 55, candidates for mayor and councilmen of a small city in which there were only two precincts were regarded as

having substantially complied with the requirement of filing pre-election statements fifteen days before election by filing such statements on the ninth day before the election.

The election here under consideration was held in one ward only, that being one of the small wards of the City of Nashville. The statement filed by relator showed that his only pre-election expenses were $6.00 for cards printed and $15.00 for workers, or a total of $21.00. Had this statement, therefore, been received and made public by the Election Commissioners on Saturday, August 29, instead of August 31, it would have accomplished nothing of consequence. The sums expended were trivial and the voters of the single ward could have informed themselves as to relator's expenses readily in three days. Indeed, since Saturday is generally a half holiday and Sunday a holiday, the voters would have probably had no greater opportunity to see the statement had it been filed on the 29th.

The question remains as to whether the failure of the relator to swear to the petition which reached the Commissioners on August 31 is fatal to his case.

In the matter of pleading, the failure to verify a pleading to which an oath is required is generally a defect that can be remedied by amendment. That is to say the pleading can be sworn to at a later date, unless something in the statute or rule prescribing the oath requires a contrary conclusion. 49 C. J., 485, 595; 41 Am. Jur., 487. We may apply this rule here.

On September 5, 1942, the relator filed an amended statement as of August 28, 1942, setting out the same items of pre-election expenses contained in his unsworn statement. This statement filed on September 5 was duly verified by oath. Likewise on September 5 relator filed

the post-election statement of expenses required by Code, section 2262.

The Board of Election Commissioners met on September 7, 1942, to certify the vote and on that day took the action in which they refused to give relator a certificate of election. At the time, therefore, the Board met, duly verified statements of relator's expenses were before them. The Board's receipt of the statement on August 31 being a substantial compliance with the statutory provision as to the time of filing, and the amendment of the pre-election statement by oath on September 5 relating back, we think that relator was entitled to have the Board of Election Commissioners issue him his certificate herein sought.

This Court has said in several cases that it will not permit trifling irregularities to defeat the will of the majority as expressed at the polls. *Hanover* v. *Boyd*, 173 Tenn., 426, 121 S. W. (2d), 120; *Heiskell* v. *Lowe*, 126 Tenn., 475, 153 S. W., 284; *Stark* v. *Ashcraft*,[1] Misc., Jackson, 1916.

The Court is by no means inclined to weaken our laws designated to prevent corrupt practices in elections. In dealing with the statutory provisions now before us, we have the same feeling, expressed by the Kentucky Court of Appeals in *Sparkman* v. *Saylor*, 180 Ky., 263, 202 S. W., 649, 652. We quote:

"In holding that the statute is mandatory in requiring a candidate to file a pre-election and post-election statement of expenditures and is directory merely as to the time when such statements must be filed, we do not mean that a candidate must not reasonably and substantially

---

[1]Not designated for publication.

comply with the provisions of the act as to the time of filing his pre-election and post-election statements, for this he must do, and his failure so to do will be a ground for contest; and in a contest where a failure to reasonably and substantially conform to this, or any, requirement of the act is made a ground of contest, the question will be determined upon the circumstances of each particular case, for it is manifest that what would be a reasonable and substantial compliance with the provision in one case might not be so in another. But, having decided that the act is mandatory only in requiring that a statement in proper form must be filed before the election, and directory merely as to the time, it follows that, where a proper pre-election statement has been filed, the election is not void, unless the time at which the statement was filed was not a reasonable and substantial compliance with the law, and the burden is upon the contestant to plead and prove such a failure. In other words, the election is *prima facie* valid and not void where the candidate who receives the highest number of votes has complied with the mandatory provisions of the act.''

In addition to the decisions of the Kentucky Court, it will be seen from cases collected in a Note, 103 A. L. R., 1428, that statutory requirements as to the particular time at which a candidate shall file his pre-election statement of expenses are usually held directory only.

■ We call attention in conclusion to the fact that our statute does not provide that the failure of the candidate to file a pre-election statement shall render the election void nor does it provide that he shall forfeit the office. The County Board of Election Commissioners have only ministerial duties to perform. *Taylor* v. *Carr*, 125 Tenn., 235, 141 S. W., 745, Ann. Cas., 1913C, 155. Our view of this case being as we have indicated, a

*mandamus* will issue from this Court directing the issuance of the certificate of election for which relator prays by defendant Commissioners.

The costs of this case will be taxed to relator. We think the Election Commissioners did right in refusing the certificate in the first instance. It is for the courts to say whether this statutory provision was directory.