Sylvester Antonio **WILKINS**, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 19, 1978.

Anthony J. Sabella, Memphis, for appellant.

Brooks McLemore, Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Dan L. Newsom and Joseph L. Patterson, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

From a conviction for committing the offense of burglary in the second degree, T.C.A. 39–903, and resulting punishment at confinement for not less than three nor more than five years, the appellant appeals and assigns error. The two assignments of error are these: (1) the evidence does not support the verdict of the jury and it preponderates in favor of the appellant's innocence; and (2) the court erred in allowing the trial to continue in the absence of the appellant because appellant's attorney was prevented from effectively representing appellant and appellant had a right to be present at all stages of the trial.

The evidence, as revealed from our review of the record, reflects that a burglary occurred at the residence of Michael Smith at 230 Cochran, Apartment 20, during the morning hours of February 16, 1977. The victim testified that he knew the appellant and his brother who lived in the apartment complex prior to the event date, and that appellant's brother owned a late model blue Continental. He further testified that a stereo component set worth $600 and a leather coat worth $60 were taken. A Mr. Woods, testifying for the State, related that he was a resident of the complex and that he also knew appellant and his brother; that he observed appellant emerge from a late model blue Continental, go up the stairs to Smith's apartment, start knocking on the door and "messing" with the doorknob, and that after awhile he entered the apartment. He then saw appellant leave the apartment carrying a stereo component set and hand it to a second man in the car identified as appellant's brother. Appellant went back in the apartment and this time left with two stereo speakers, got in the car with them and drove off. Mr. Woods informed the police of the incidents and supplied them with a physical description and the clothing of the two men, their names and the type of car. Subsequently, Mr. Woods identified appellant's picture at police headquarters as the one who entered the victim's apartment.

With the appellant not being present at the afternoon session of the trial, a court officer identified a photograph as being that of the appellant who was present in the courtroom during the morning session, and this was introduced into evidence for identification purposes. The State's witnesses identified the photograph as being the appellant.

The uncontradicted evidence is sufficient to support this burglary in the

second degree conviction. The verdict of the jury accredits the testimony of the witnesses and it is not the province of this court to reject the jury's verdict. *Edwards v. State,* 540 S.W.2d 641 (Tenn.1976); *McBee v. State,* 213 Tenn. 15, 372 S.W.2d 173 (1963). We think the evidence is sufficient. The first assignment is overruled.

On January 4, 1978, this matter came on a trial in Division IV of the Criminal Courts of Shelby County. The jury was voir dired, impaneled and sworn with the appellant present and represented by counsel. The trial court then adjourned the proceedings for lunch, and after the noon recess the following took place as reflected by the record in response to the court's questions concerning the obvious absence of the appellant:

"THE COURT: All right. For the record, it's now about 1:54, isn't it?

"MR. NEWSOM: Yes, sir.

"THE COURT: January 4, 1978.

"MR. SABELLA: All I can tell the Court is when we went to lunch he said something about some witnesses. I said, look, I don't care what you do, talk to them, but be sure they're here before 1:30. So there's no question that he was aware of the time."

Following further colloquy between the court, the State's representative, and counsel for the appellant, the court decided to proceed to try the case in appellant's absentia over the objection of defense counsel. The trial proceeded with the State offering its proof and terminated with the jury bringing in a verdict the following morning finding appellant guilty of committing the offense of burglary in the second degree, with judgment entered by the trial court on that verdict.

It is appellant's contention that the resumption of the trial in his absence denied him his basic constitutional guarantees as contained in Article I, Section 9 of the State Constitution, ". . . The right to be heard by himself" which includes the right to be present at every stage of the trial in all felony cases affecting his life or liberty. The appellant argues that he must be present during the entire trial and when the verdict is given. *State v. France,* 1 Tenn. 434 (1809). That this basic principle is not satisfied by the presence of counsel alone. *Witt v. State,* 45 Tenn. 11 (1867).

The argument is advanced and concurred in by the State that appellant's constitutional right to be present cannot be presumed from a "silent" record and every reasonable presumption is against such a waiver. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). With the above argument we are literally in complete accord; however, we disagree that this record is silent as to appellant's waiver of his constitutional right to be present. While we think the court was somewhat hasty in continuing the trial in absentia that afternoon without giving defense counsel or the State ample time to locate the appellant, this, however, is offset by the continuing absence of appellant on the following morning and no contest at that time as to the apparent conclusion of the trial court that the appellant's absence was voluntary as opposed to involuntary. These facts we think support a theory of voluntary absence with an accompanying waiver of his right to be present: (1) the appellant was present when the court adjourned for lunch and ordered the resumption of the trial at 1:30; (2) that counsel informed appellant to be back at 1:30; (3) that appellant told counsel he was going to talk to witnesses, implicit in that is an awareness that the trial was going to continue; and (4) most importantly, no issue of the voluntariness of his absence was ever raised at the trial or the motion for new trial. The above enumerated facts rebuke an argument that this record is silent as to the appellant not knowingly and intelligently waiving his right to be present.

In *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973), the following language may be found:

"Like the Court of Appeals, we cannot accept this position. Petitioner had no right to interrupt the trial by his voluntary absence, as he implicitly concedes by urging only that he should have been

warned that no such right existed and that the trial would proceed in his absence. The right at issue is the right to be present, and the question becomes whether that right was effectively waived by his voluntary absence. Consistent with Rule 43 and *Diaz* [*Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500] we conclude that it was. "It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, see *Stack v. Boyle,* 342 U.S. 1, 4–5, 72 S.Ct. 1, 3–4, 96 L.Ed. 3 (1951), entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, 'that a defendant who flees from a courtroom in the midst of a trial—where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial could continue in his absence.' 478 F.2d, at 691. Here the Court of Appeals noted that when petitioner was questioned at sentencing regarding his flight, he never contended that he was unaware that a consequence of his flight would be a continuation of the trial without him. Moreover, no issue of the voluntariness of his disappearance was ever raised." 414 U.S., at 20, 94 S.Ct., at 196.

We further note that appellant was subsequently placed in custody by capias on January 16, 1978. His motion for a new trial was overruled on February 6, 1978 and we may safely presume he was present at the hearing on the motion and that the record is entirely silent as to any issue made or advanced contending that the trial court was erroneous in concluding his absence was voluntary. The appellant should not under these circumstances be allowed at his will to stop the judicial proceedings. This assignment is accordingly overruled.

The judgment of the trial court is affirmed.

DUNCAN and BYERS, JJ., concur.