STATE of Tennessee, Appellee,

v.

Alfred C. TIDMORE, Appellant.

Court of Criminal Appeals of Tennessee, Knoxville.

March 20, 1980.

Arvin Reingold, Reingold, Powers & Schulman, Chattanooga, for appellant.

William M. Leech, Jr., State's Atty. Gen., William P. Sizer, Asst. State's Atty. Gen., Nashville, Gary Gerbitz, Dist. Atty. Gen., Chattanooga, Larry Young, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of possessing heroin with the intent to sell or deliver and sentenced to serve not less than ten (10) nor more than fifteen (15) years. A codefendant named Young was acquitted.

For issue, the defendant says the trial court erred in proceeding with the trial after the defendant absented himself therefrom, the evidence seized by a search warrant should have been suppressed because of false and reckless statements contained in the affidavit of the search warrant, the identity of the informant should have been revealed and the trial court erred in charging the jury on the absence of the defendant and on flight of the defendant.

The judgment is affirmed.

The defendant does not contest the sufficiency of the evidence which shows the Chattanooga Police, acting under a search warrant, found heroin in a suitcase and a shaving kit in a bedroom occupied by the defendant at 4028 Kirkland Avenue in Chattanooga on October 4, 1976.

The trial of this case commenced on Friday, February 24, 1978, and was recessed until Monday, February 27, 1978. On February 27, 1978, Defendant's lawyer advised the court his client had called him and said

he could not return to court because of threats made against his life and the life of his wife. The trial judge recessed the case until Friday, March 3, 1978, to allow time for the defendant to appear. On that date, the defendant did not appear, and the trial was resumed and completed in the absence of the defendant on that date.

The defendant subsequently returned to Tennessee and surrendered. On March 26, 1979, the trial judge conducted a hearing at which the defendant and his wife testified about threats made to them if the defendant reappeared at the trial. On July 31, 1979, the trial court overruled the defendant's motion for a new trial and found the absence of the defendant, based on the evidence heard at the post–trial hearing, was voluntary.

■ The finding of voluntary absence by the trial judge is supported by the record and is binding on appeal. The defendant asks that we accept, as he asked the trial judge to accept, the proposition that threats, which he and his wife said were made, are sufficient reason for a defendant to absent himself during the midst of a trial in progress.

To adopt such a rule would cause untold mischief. In any trial, an accused who deemed things were turning against him could absent himself and cause a mistrial on only his or her later testimony he was threatened if he remained or returned for trial. An accused in such circumstances has at least the obligation to seek protective custody rather than flee.

■ The defendant further claims his constitutional right to be present cannot be presumed to have been waived from a silent record. The holding in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), upon which the defendant relies, deals with the right to counsel. This is answered sufficiently in *Wilkins v. State*, 577 S.W.2d 213 (Tenn.Cr.App.1978); and *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). In *Taylor* the Court said:

"[i]t is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, 'that a defendant who flees from a courtroom in the midst of a trial—where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial could continue in his absence.' [1st Cir.] 478 F.2d, [689] at 691." 414 U.S. at 20, 94 S.Ct. at 196 (citation omitted).

■ The attack on the search warrant is based upon the third section of the affidavit which is as follows:

"Affiant further states that the said informant advised him that Said Informant has seen persons going to and coming from said premises who are believed to be and known generally as users of legend and/or narcotic drugs including heroin, and said premises is generally known as a place where legend and/or narcotic drugs including heroin are unlawfully dispensed."

In the suppression hearing the affiant, a police officer, testified the informant, upon whose information the search warrant was obtained, did not give him this information.

The search warrant was a John Doe warrant and in the first section of the affidavit the affiant stated the informant had given information he had seen heroin in the possession of someone on the premises of 4028 Kirkland Avenue. In the second section the affiant stated the informant was on the premises and had seen heroin there.

Both the defendant and the State rely upon *State v. Little*, 560 S.W.2d 403 (Tenn. 1978); and *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), in support of their respective positions, the defendant to demonstrate the invalidity of the search warrant and the State to sustain its validity.

In *Little*, our Supreme Court established the rule on this issue as follows:

"[T]here are two circumstances that authorize the impeachment of an affidavit sufficient on its face, (1) a false statement made with intent to deceive the Court, whether material or immaterial to the issue of probable cause, and (2) a false statement, essential to the establishment of probable cause, recklessly made. Recklessness may be established by showing that a statement was false when made and that affiant did not have reasonable grounds for believing it, at that time." *State v. Little*, 560 S.W.2d at 407.

And in *Franks* the United States Supreme Court said:

"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks v. Delaware*, 98 S.Ct. at 2676–2677

When we examine the affidavit in light of these rules, we conclude the statement in section three, though false, was not made with the intent to deceive the court.

The questioned statement was made without any probable cause upon the part of the affiant and can be said to be reckless on that point. However, we are not of the opinion this renders the search warrant invalid.

If this were the only basis for probable cause set out in the affidavit, such statement would be fatal to the warrant. Although the statement is one of probable cause to issue the warrant, it is not the only statement on which probable cause can be found. Sections one and two are sufficient to show probable cause and are free of the taint in section three.

Therefore, by setting aside section three, probable cause for essence of the warrant remains under the rule of *Little* and *Franks*. The trial judge properly overruled the motion to suppress.

The defendant insists the State should have been required to reveal the identity of the informant because he was a material witness to the crime under investigation and as a matter of due process his name should have been made known to him.

There was no attack made upon the reliability of the informant or his existence. The evidence in this case does not clearly establish what evidence of a material nature could have been supplied by the informant other than an assertion the informant could say whether the defendant or the codefendant, Young, carried the suitcase in which the heroin was found into the house at 4028 Kirkland Avenue.

The record does not clearly reveal whether the informant could have given testimony on this if called. Even if he could, such evidence does not appear particularly material in view of the evidence in the record which shows the suitcase from which the heroin was removed was in a room occupied by the defendant and the further testimony the defendant stated to the officer, when he attempted to open the suitcase, that the suitcase belonged to his wife and he did not have a key.

The informant was not present when the drugs were found; *other officers were.* This case does not fall, therefore, within the material witness rule of *Roberts v. State*, 489 S.W.2d 263 (Tenn.Cr.App.1972), or the sole and material witness rule of *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), but falls rather within the rule in *Carver v. State*, 570 S.W.2d 872 (Tenn.Cr.App.1978), which *does not require the revelation of an informant not participating or present at the time of the crime.*

The revelation of the name of the informant was not required in this case.

Based upon the defendant not returning for the resumption and completion of the trial in this case, the trial judge instructed the jury on flight and how it was to be considered by the jury. The instruction was not erroneous.

O'BRIEN and TATUM, JJ., concur.