**STATE of Tennessee, Appellee,**

v.

**William T. KIRK, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 12, 1985.

Permission to Appeal Denied by Supreme Court Sept. 30, 1985.

James A.H. Bell, Neil P. Cohen, Knoxville, Creed Daniel, Daniel & Daniel, Rutledge, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Wayne E. Uhl, Asst. State Atty. Gen., Nashville, Jessica Dugger, William Paul Phillips, Dist. Atty. Gen., Huntsville, John Galloway, Jr., Asst. Dist. Atty. Gen., Wartburg, for appellee.

## OPINION

BYERS, Judge.

The defendant was indicted for first degree murder, assault with intent to murder, and aggravated kidnapping, and was convicted of voluntary manslaughter (two counts), assault with intent to commit voluntary manslaughter (three counts), and aggravated kidnapping. The jury set sentences of four to ten years on each of the manslaughter convictions, one to five years on the assault convictions, and a life term on the kidnapping. The trial court ordered all the sentences to be served concurrently with each other, but consecutively to a sixty-five year sentence the defendant was serving at the time of these crimes.

In this appeal the defendant asserts that his trial, conducted in his absence, was barred by our rules of procedure and by the state and federal constitutions. He questions 1) whether Rule 43, Tennessee Rules of Criminal Procedure, permits trial in absentia in capital cases; 2) whether a valid waiver of presence occurred in this case; and 3) whether the due process and cruel and unusual punishment clauses of the United States Constitution and similar provisions under the Tennessee Constitution permit trial in absentia in capital cases.

The judgments are affirmed as modified.

The charges in this case arose out of a violent incident at Brushy Mountain Prison on February 8, 1982. The defendant Kirk and six other inmates were indicted for the offenses mentioned above in June, 1982. On July 6, the defendant and five of the co-defendants filed a *pro se* motion for a speedy trial, and on July 28, James A.H. Bell was appointed to represent the defendant. On August 25, the defendant appeared in person, with counsel, and entered a plea of not guilty. In this proceeding trial was set for January 17, 1983, and associate counsel Mary Evans was appointed.

There followed numerous pre-trial motions, including a motion for funds to obtain a private psychological evaluation. The state filed a notice of intent to seek the death penalty. The trial date was delayed for a hearing on these motions, and in the defendant's presence, trial was reset for April 6, 1983.

On March 31, 1983, the defendant was transported to the office of a private psychologist and there, with the aid of associate counsel and in her company, he escaped from custody. Guards in charge of the defendant testified to their exceptional precautions on this occasion. They testified that the defendant, with a handgun apparently supplied by his attorney, bound and disarmed them, took money from the psychologist, disabled their radio, and fled in Evans's car. They further testified that as he held them at gunpoint, the defendant told them he did not want to hurt anyone, but they knew what his situation was.

When the trial date was imminent, the co-defendants moved for a temporary delay

to assess the effect of Kirk's absence on their defense, and the state moved to continue the cases until Kirk might be found. The state's motion, with supporting affidavits, averred that the trial of seven maximum security inmates, who had lengthy sentences and a record of violence and escape, presented a considerable security problem already, that Kirk and his associates had assistance from persons outside the prison, and that his escape presented a "danger of unknown but potentially great magnitude." Two of Kirk's associates, one of whom was a co-defendant, were involved in a fatal stabbing and escape attempt on the same day that defendant Kirk effected his escape. The brother of one of the inmates provided counsel Evans with funds for Kirk.

On April 6, when Kirk did not appear, the court delayed the proceedings and deferred the matter to April 11. Additional affidavits established the danger to the participants and the public that would attend a joint trial in the Morgan County Courthouse, especially with the risk of outside interference, the high degree of anxiety within the prison, and the continual but fruitless efforts of the authorities to locate Kirk.

The trial court found that defendant Kirk had voluntarily absented himself from the trial, that he knew his trial date, and thereby severed his case from that of the co-defendants. The court overruled defense counsel's motion for a continuance and set Kirk's trial for April 20. The court specifically found that the state's concerns about security could be best alleviated by first trying the defendant Kirk alone. It appears that the trial judge concluded the defendant would pose less threat to the joint trial if his charges were first determined.

On April 20, a full hearing was held on the defendant's motion to continue the case

until he returned for trial;[1] and the state adopted the trial court's solution to the security problems. Witnesses testified about the escape, as described above, and to the fact that Kirk did not appear in court on April 6. Counsel for the defendant were asked to present any facts that might suggest when or if the defendant would be available. Other than news reports that Kirk had been placed on the F.B.I.'s "ten most wanted" list, counsel had no information and could not predict when their client might return for trial.

At the close of this hearing, the trial court again found that defendant Kirk had notice of his trial date and had voluntarily absented himself from his trial, and also that no agent of the state was in any way responsible for his absence. He further found that there was a strong public interest in resolving the cases expeditiously because of continuing uncertainty within the prison and because of the public perception that order could not be maintained in the prison system. Accordingly, the court again ruled that Kirk had waived his right to be present, and that there were compelling reasons to proceed with the trial.

The jury verdicts were reported on April 29, and a timely motion for a new trial was filed. The defendant was captured and returned to Tennessee the following August, and on motion of the defendant, the hearing on the new trial motion was deferred to May 11, 1984. The defendant appeared at the hearing and submitted, by affidavit, that he did not know that his trial would proceed in his absence. The trial court noted that he had pled guilty to the escape. No other evidence was offered. After argument of counsel on the Rule 43 issue, the court reiterated its previous findings.

■ This is not a capital case. The defendant was not convicted of any crime

---

1. Counsel also urged that they could not render competent assistance in their client's absence and that pre-trial publicity prevented a fair trial

at that time. These issues were restated in the motion for new trial, but have not been pursued on appeal.

upon which the death penalty could have been imposed, and of course there was no hearing on that punishment. *See State v. Plummer,* 658 S.W.2d 141 (Tenn.Cr.App. 1983). The defendant is not entitled to relief on the basis of procedures asserted to be necessary to prevent a harm that he did not suffer. We need not, therefore, address the constitutional issues raised in the defendant's third issue.

The defendant does argue throughout each of the issues briefed that his defense was hampered by his own absence and the absence of the attorney most familiar with the case. As noted previously, the allegation of incompetent counsel was not argued at the hearing on the motion for new trial, and there was no testimony on the matter. Although the defendant asserts generally that he might have called other witnesses or questioned those called in a different manner, or even testified in his own defense, we are directed to no portion of the record to support these assertions. Neither counsel nor the defendant testified in the post-trial hearing. Mr. Bell, who represented the defendant at trial, was the attorney originally appointed in the case, and it appears he had access to Ms. Evans's notes and was familiar with the facts. It is well settled that a finding of incompetent counsel requires a showing of specific omissions or errors that cast doubt on the outcome of the trial. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As this appeal comes to us after the trial of the case, it is incumbent upon the defendant to demonstrate to the trial judge, and to this Court, with particularity, the harm he now alleges. We note that Rule 43(b), Tenn.R.Crim.P., contemplates that counsel can render competent assistance in the absence of the defendant.

The remaining issues to be decided are whether Rule 43, Tenn.R.Crim.P., absolutely bars a trial when a defendant absents himself before his trial date or whether the rule permits a waiver of presence, and if so whether a valid waiver occurred in this case.

In urging that the policies underlying Rule 43 barred this trial, the defendant says the state must not be permitted to schedule a trial to be held in a defendant's absence and to his disadvantage. The defendant says such a trial is not only unfair but appears to be unfair. We do not disagree with this proposition. However, it is abundantly clear, and not contested, that the state through its agencies did nothing to disadvantage the defendant in this case, and apparent unfairness, being amorphous in general, must yield to a specific showing of no unfairness in a specific case.

Next, the defendant argues that the plain wording of Rule 43 bars the trial in this case. Rule 43, Tennessee Rules of Criminal Procedure, provides as follows:

(a) Presence Required. Unless excused by the court upon defendant's motion, the defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict and imposition of sentence shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present:

(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), or

(2) after being warned by the court that disruptive conduct will cause him to be removed from the courtroom, persists in conduct which is such as to justify his being excluded from the courtroom.

If a trial proceeds in the voluntary absence of the defendant or after his removal from the courtroom, he must be represented in court by competent coun-

sel; and, if he has been removed from the courtroom, he shall be given reasonable opportunity to communicate with counsel during the trial. If a trial is proceeding with the defendant excluded from the courtroom because of disruptive conduct; the court shall periodically determine at reasonable intervals whether he will then signify willingness to avoid creating a disturbance if he is allowed to return to the courtroom and shall permit such return when he so signifies and the court reasonably believes him.

(c) Presence Not Required. A defendant need not be present in the following situations:

(1) A corporation may appear by counsel for all purposes.

(2) If the maximum possible sentence is a fine not in excess of fifty dollars ($50.00) and no incarceration is possible, any defendant may appear by counsel for all purposes.

(3) At a conference or argument upon a question of law.

(4) At arraignment, provided his attorney of record is present in open court and presents a written waiver, signed by the defendant, of his right to be present.[2]

The defendant argues that in providing explicit exceptions to the requirement of presence, the legislature excluded all other exceptions. *See, e.g., Perry v. Sevier County Beer Commission,* 181 Tenn. 696, 184 S.W.2d 32 (1944). He says that since the rule addresses waiver of presence during the trial, it necessarily excludes such a waiver at the outset of the trial. He claims that trial "commences" when voir dire begins. *See Government of the Virgin Islands v. George,* 680 F.2d 13 (3d Cir.1982) (swearing of the jury not "commencement").

■ We find a more helpful rule of construction in *State v. Jones,* 179 Tenn. 206,

164 S.W.2d 823 (1942); when a statute of another jurisdiction is adopted, the judicial construction of the statute in the former jurisdiction is also adopted, so long as it is not antagonistic to the laws and public policy of the adopting state. Our Rule 43 was adopted, with modifications not pertinent here, from Rule 43 of the Federal Rules of Criminal Procedure. The rule of construction stated in *Jones* has particular relevance in this case. The Rules themselves provide that "[t]hey shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Tenn.R.Crim.P. 2.

At the time of the adoption of our Rules of Criminal Procedures in 1978 there were, as the defendant describes them, leading cases in the United States Courts of Appeals construing section (b) flexibly. It had been consistently held that a defendant might, under the Rule, waive his right to be present by voluntarily absenting himself before trial if he knew the proceedings were to take place and that he had a right to attend. *See United States v. Peterson,* 524 F.2d 167 (4th Cir.1975), *cert. denied sub nom. Smith v. United States,* 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334 (1976); *Government of the Virgin Islands v. Brown,* 507 F.2d 186 (3d Cir.1975); *United States v. Tortora,* 464 F.2d 1202 (2d Cir.), *cert. denied sub nom. Santoro v. United States,* 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). In frequently quoted language these Courts rejected the interpretation of Rule 43 urged by the defendant in this case: "It would be anomalous to hold that defendant cannot waive his right to be present during the period of often routine voir dire questioning but can waive that right during the time when witnesses against him are presenting evidence." 507 F.2d 186, at 189.

In short, the relevant portion of the federal rule, construed in *Brown* and in *Tortora* and in *Peterson,* was adopted without

---

**2.** Subsection (c)(4) was adopted after the trial of     this case.

any indication that the construction should be otherwise in Tennessee.

Nor do we think this construction is antagonistic to the law and public policy of Tennessee. The most recent decision on the matter from our Supreme Court is *Witt v. State,* 46 Tenn. (Cold.) 5 (1845), in which an accused in custody was not returned to the courtroom during a supplemental charge to the jury. The Court held the trial court lacked personal jurisdiction to proceed in the absence of the defendant, whose absence was not voluntary or brought about by the defendant. Other discussion in the opinion has, for the most part, been supplanted by more recent decisions and by Rule 43.

In two cases, this Court has addressed the issue of a defendant's voluntary, mid-trial absence. *See State v. Tidmore,* 604 S.W.2d 879 (Tenn.Cr.App.1980); *Wilkins v. State,* 577 S.W.2d 213 (Tenn.Cr.App.1978). The cases were tried before the adoption of our Rules of Criminal Procedure, and no application was made for review by our Supreme Court. In both cases, we applied the common law expressed in federal court decisions and embodied in the federal Rule 43, and held that the trial could legitimately proceed.

■ Therefore, we hold that Rule 43 does not bar a trial when a defendant fails to appear on his trial date. An accused who has notice of the time and place of the trial and of his right to attend, and who nonetheless voluntarily absents himself, will be deemed to have waived his right to be present.

■ As we said in *Wilkins,* the court should indulge every reasonable presumption against a waiver. Counsel should be given a reasonable opportunity to locate his client, and there should be affirmative evidence that the accused was informed of his trial date. We think it is wise to take special precautions when a defendant fails to appear on the date set for trial and to require a high standard of proof that the

defendant knew his trial date and that his absence is voluntary. Trial in his absence is not favored, and proceeding with trial only to find later that defendant did not know his trial date or did not voluntarily absent himself would run counter to the purposes expressed in Rule 2. Mere absence at the time the case is called for trial is insufficient to show a waiver of the right to be present.

The defendant argues that his escape was not a waiver in this case. He does not contend that his absence was involuntary or that he did not know of his trial date or his right to be present. Rather, he contends that he did not know the trial would proceed in his absence and did not learn that it had until he read about the verdict in the newspaper.

Relying on *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), the defendant argues that his apparent waiver was not an informed and intelligent one, and thus, as a matter of law, he did not waive his right to be present.

In *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973), the Supreme Court rejected a similar argument, holding that the right at issue was the right to be present, not the right to terminate or interrupt the trial. In reviewing the case in which the defendant absented himself after proof had begun, the Court found it "wholly incredible" for a defendant to claim he was unaware of his right to be present, after he had appeared before the court and participated in the proceedings. *See also United States v. Peterson, supra,* at 184 n. 41; *State v. Wilkins, supra.*

■ In this case, the defendant does not assert that he was ignorant of his right to be present, which is the right at issue. His belief that his absence would terminate the proceedings, though erroneous, was irrelevant on the right at issue, and we conclude it has no effect on the validity of the waiver. The record fully supports the trial court's finding of waiver in this case.

The defendant next argues that even if he is deemed to have waived his right to be present, the record does not show any necessity for proceeding with the trial. He relies on *United States v. Tortora, supra*, at 1210, and the list of considerations set out therein: the likelihood that the defendant would soon appear, the difficulty of rescheduling, particularly in trials of more than a single defendant, and the burden on the state in conducting more than one trial of multiple defendants. The state responds that once a waiver has been found, the state is entitled to proceed with the trial just as the rule directs in the event of a mid-trial absence.

■ We reject both arguments and hold, as have the federal courts, that the matter is laid in the sound discretion of the trial court, as are motions for a continuance generally. We do not read the *Tortora* case as adopting an exclusive set of criteria, even though it seems to us that even under those criteria, it was appropriate to proceed with Kirk's trial. (There was no likelihood that Kirk would soon return, and the state reasonably considered its burden increased by conducting trial of the co-defendants with Kirk at large and untried.)

■ There is, of course, a public interest in the appearance of fairness in judicial proceedings, which is best served by the presence of an accused at trial. We do not condone routine trials out of the presence of an accused. For this reason, when a defendant fails to appear on his trial date we would require that there be some countervailing interest that requires that trial

proceed. *See, e.g., United States v. Peterson, supra* (availability of witnesses); *United States v. Tortora, supra* (safety of witnesses).

■ In the case before us, the trial court had an obligation to provide a speedy trial for six other co-defendants, a trial which competent evidence showed could not safely be conducted with the defendant at large and untried. We think he exercised his discretion conscientously. Certainly Kirk should not by his escape be allowed to jeopardize, not only his own trial, but the rights of the other defendants, the safety of all the participants, and the public interest in having the cases resolved.

In conclusion, we note that the minutes show sentences on the assault convictions to be terms of two to five years, while the jury reported terms of one to five years. The trial court is directed to re-enter a judgment to conform to the jury's verdict in this detail.

WALKER, P.J., and JOHN D. TEMPLETON, Special Judge, concur.