38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William T. KIRK, Petitioner-Appellant,
v.
Michael DUTTON, Warden, Respondent-Appellee.
 No. 94-5725.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: MARTIN, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 William T. Kirk, a pro se Tennessee prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, he requests the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On April 29, 1984, a jury convicted Kirk, in absentia, of aggravated kidnapping, two counts of voluntary manslaughter, and three counts of assault to commit voluntary manslaughter. The state tried Kirk in absentia because, after learning of his trial date, Kirk escaped from prison and did not return to stand trial. He was sentenced to four to ten years in prison on each manslaughter conviction, one to five years in prison on the assault convictions, and a life sentence on the kidnapping conviction. The sentences were ordered by the trial judge to be served concurrently with each other, but consecutive to a sixty-five year sentence Kirk was serving at the time of the crimes. The Tennessee Court of Criminal Appeals affirmed the convictions, finding that by his escape, Kirk had waived his right to be present at trial. State v. Kirk, 699 S.W.2d 814 (Tenn.Crim.App.1985), cert. denied, 475 U.S. 1023 (1986). Kirk has exhausted his state court remedies.
 
 
 3
 In his habeas petition, Kirk challenged the validity of his convictions in absentia. The district court held that it was not fundamentally unfair or prejudicial for Kirk to have been tried, convicted and sentenced in absentia and denied the petition for habeas corpus relief in a memorandum opinion and order entered May 24, 1994.
 
 
 4
 Upon review, we affirm the district court's order because Kirk was not denied a fundamentally fair trial. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 5
 Kirk was not entitled to habeas corpus relief insofar as he asserted a violation of Rule 43 of the Federal Rules of Criminal Procedure. While Fed.R.Crim.P. 43 prohibits trial in absentia of a federal defendant, see Crosby v. United States, 113 S.Ct. 748, 752 (1993), it does not afford Kirk any relief because Kirk was convicted in state court. The Federal Rules of Criminal Procedure do not apply to his case, and any alleged violation of federal procedural law is irrelevant.
 
 
 6
 Kirk was not entitled to habeas corpus relief insofar as he asserted a violation of Rule 43 of the Tennessee Rules of Criminal Procedure. Rule 43 of the Tennessee Rules of Criminal Procedure substantively mirrors Fed.R.Crim.P. 43. However, on Kirk's direct appeal, the Tennessee Court of Criminal Appeals held "that Rule 43 does not bar a trial when a defendant fails to appear on his trial date. An accused who has notice of the time and place of the trial and of his right to attend, and who nonetheless voluntarily absents himself, will be deemed to have waived his right to be present." 699 S.W.2d at 819. The Court of Criminal Appeals determined that Kirk knew of his trial date, that there was no agent of the state responsible for Kirk's absence, and that he therefore waived his right to be present. The rulings by a state's highest court with respect to state law are binding on the federal courts. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam); Smith v. Sowders, 848 F.2d 735, 739 (6th Cir.), cert. denied, 488 U.S. 866 (1988). Accordingly, Kirk's claim that Tenn.R.Crim.P. 43 prohibited his trial in absentia is not cognizable in this habeas corpus proceeding.
 
 
 7
 Finally, Kirk was not entitled to habeas corpus relief insofar as he alleged that his conviction in absentia violated the United States Constitution. Although the United States Supreme Court held that Fed.R.Crim.P. 43 "prohibits the trial in absentia of a defendant who is not present at the beginning of trial," see Crosby, 113 S.Ct. at 752, the Court did not address whether a trial in absentia is also prohibited by the Constitution. Id.
 
 
 8
 This court has recognized that a defendant who voluntarily chooses not to appear for trial waives his constitutional rights to be present during trial. State of Arizona v. Hunt, 408 F.2d 1086, 1095-96 (6th Cir.), cert. denied, 396 U.S. 845 (1969) ("voluntary absence from the trial forecloses later claim of constitutional deprivation."). Other courts have reached the same conclusion. See, e.g., United States v. Mera, 921 F.2d 18, 20 (2d Cir.1990) ("a defendant's intentional absence from criminal proceedings, when he is aware that he is the subject of such proceedings, may be tantamount to a voluntary waiver of his right to be present at trial.").
 
 
 9
 Whether a state's violation of its own law abridges an individual's rights under the federal Due Process Clause "depends primarily upon whether there has been any fundamental unfairness and prejudice." Matthews v. Lockhart, 726 F.2d 394, 396 (8th Cir.1984). No such unfairness or prejudice occurred in this case. See Arizona v. Hunt, 408 F.2d 1086 (6th Cir.), cert. denied, 396 U.S. 845 (1969). The Tennessee Court of Criminal Appeals determined that Kirk was aware of his trial date and that he failed to appear, having escaped from custody. 699 S.W.2d at 819. The appellate court also found countervailing reasons for proceeding with the trial in Kirk's absence: the trial court had an obligation to provide a speedy trial for six other codefendants and that trial could not safely be conducted with the defendant at large and untried. Id. at 820. The findings of the Tennessee appellate court are presumed correct, and no convincing evidence to the contrary exists. See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Smith v. Jago, 888 F.2d 399, 407-08 (6th Cir.1989), cert. denied, 495 U.S. 961 (1990). Accordingly, it was not fundamentally unfair or prejudicial for Kirk to have been tried, convicted, and sentenced in absentia.
 
 
 10
 Accordingly, the request for counsel is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.