IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 12, 2005

## RONNIE LEE HOLT v. RICKY BELL, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 88-F-1703     J. Randall Wyatt, Jr., Judge**

---

**No. M2004-02412-CCA-R3-HC - Filed July 21, 2005**

---

The petitioner challenges the denial of his habeas corpus petition, in which he contended that his absence from *voir dire* violated his constitutional rights and Tennessee Rule of Criminal Procedure 43(a) because he did not personally waive the right to be present. We initially note that, at the time of the petitioner's trial, a personal waiver of the right was not required. We conclude that there is no jurisdictional defect apparent from the record. Therefore, we affirm the denial of habeas relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Ronnie Lee Holt, Nashville, Tennessee, *Pro Se.*

Michael E. Moore, Solicitor General; Elizabeth B. Marney, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

On May 9, 1989, the petitioner, Ronnie Lee Holt, was convicted by a jury of one count of use of a minor for obscene purposes (a Class B felony); two counts of aggravated rape (a Class X felony); and five counts of aggravated sexual battery (a Class X felony). He was sentenced as a Range II, multiple offender to concurrent sentences of fifteen, twenty, and fifty years on the charges, respectively. On direct appeal, this court vacated the petitioner's conviction for use of a minor for obscene purposes but affirmed the remainder of the convictions and the sentences imposed. See State v. Holt, 801 S.W.2d 518 (Tenn. Crim. App. 1990), perm. to appeal denied (Tenn. Nov. 26, 1990). Thereafter, the petitioner filed a petition for post-conviction relief that was denied by the post-conviction court, and the denial was affirmed on appeal to this court. See Ronnie L. Holt v.

State, No. 01C01-9201-CR-00035, 1992 Tenn. Crim. App. LEXIS 614 (Tenn. Crim. App., at Nashville, July 23, 1992).

On August 12, 2004, the petitioner filed a *pro se* petition for writ of habeas corpus, alleging that his absence during *voir dire* violated his due process rights and Tennessee Rule of Criminal Procedure 43(a), such that it rendered the proceedings void. The habeas court summarily denied the petition and made the following findings by written order:

> The Court is of the opinion that the Davidson County trial court had jurisdiction to sentence the Petitioner. The Court is of the opinion that the Petitioner's absence from voir dire has no bearing on whether the court had the statutory authority to render its judgment. The Court finds that the Petitioner failed to raise the issue of his presence at jury selection on appeal and in post conviction proceedings. The Court is of the opinion that even if it was to treat the Petitioner's Writ of Habeas Corpus as a second petition for post-conviction relief, the issue would be waived pursuant to Tenn. Code Ann. § 40-30-106(g).

The petitioner now appeals the habeas court's denial of his petition.

**Analysis**

A habeas corpus petition may be used only to contest void judgments that are facially invalid because: (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). By contrast, a voidable conviction or sentence is one that is facially valid and thus requires proof beyond the face of the record or judgment to establish its invalidity. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The burden of proof that the judgment or sentence is void, rather than voidable, rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). "To establish that the judgment is void, the petitioner must prove that a jurisdictional defect appears *in the record* of the original trial." Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002) (emphasis added).

Because the petitioner does not allege that his sentences have expired, we are left only to determine if his judgments are void. Further, because it appears that the trial court had jurisdiction over both the subject matter and the person of the petitioner, the only remaining possibility is that the trial court lacked authority to enter the judgments. See State v. ex rel. Anglin v. Mitchell, 575 S.W.2d 284, 287 (Tenn. 1979). Although a trial court may lose jurisdiction or authority to render a judgment when a fundamental constitutional right is violated, the violation must offend due process to such an extent that it would render the proceedings void. Id. at 287.

On appeal, the petitioner contends that his absence from *voir dire* violated his federal and state constitutional rights and Tennessee Rule of Criminal Procedure 43. The latter states, in pertinent part:

> (a) Presence Required. – Unless excused by the court upon defendant's motion, the defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

Initially, we note that a recent decision of this court, <u>William T. Kirk v. State</u>, addressed this very issue and is instructive in the instant case. In <u>Kirk</u>, the petitioner appealed the denial of his habeas corpus petition in which he alleged a violation of his constitutional rights based upon being tried *in absentia*. Upon explaining the evolution of the law in the area of one's right to be present at trial, a panel of this court turned to the case before it and concluded that:

> Although the petitioner has cast his complaint as a substantive violation of his constitutional rights, careful consideration reveals that the essence of the petitioner's complaint is that he was not, at his trial in 1983, afforded the same procedural safeguards prior to a finding of waiver of the right to be present at trial as are currently applicable in the trial courts of this state. *Compare* <u>Kirk</u>, 699 S.W.2d at 819 (standard applied to petitioner which allows waiver to be presumed from defendant's voluntary absence if he had notice of trial date) *with* <u>Far</u>, 51 S.W.3d at 228 (case upon which petitioner seeks relief which requires personal waiver of right to be present to be in writing or given orally in open court).

<u>William T. Kirk v. State</u>, No. M2002-01460-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 72, at *13-14 (Tenn. Crim. App., at Nashville, Jan. 31, 2003), <u>appeal denied</u> (Tenn. Aug. 25, 2003).

In sum, this court held that while the right to be present at trial was longstanding, the recently established procedural measures attached to that right were not themselves new rules of law, requiring retroactive application. <u>Id.</u> at *12-13. Therefore, because the petitioner sought the protection of procedural measures that were not in effect at the time of his trial, this court upheld the habeas court's dismissal of the petition. <u>Id.</u> at *14.

Turning to the case before us, we note that the petitioner was convicted in 1989. Therefore, as was the case in <u>Kirk</u>, at the time of the petitioner's trial, the applicable authority was found in the direct appeal opinion of <u>State v. Kirk</u>, which stated that, "Rule 43 does not bar a trial when a defendant fails to appear on his trial date. An accused who has notice of the time and place of trial and voluntarily absents himself, will be deemed to have waived his right to be present."[1] <u>State v. Kirk</u>, 699 S.W.2d 814, 819 (Tenn. Crim. App. 1985). The petitioner cites <u>State v. Muse</u>, 967 S.W.2d 764 (Tenn. 1998), in support of the proposition that due process requires that he personally waive his right to be present at *voir dire* via written waiver or an "on-the-record" waiver before *voir dire* begins. However, these additional protective measures were not in place at the time of the petitioner's trial and, pursuant to the holding in <u>Kirk</u>, do not require retroactive application.

Having established the correct standard applicable to the petitioner's case, we must now determine if the petitioner has proven that a due process violation is apparent from the face of the judgment or record. The pertinent portion of the trial transcript states:

The Court:     This is Case 88-F-1703 and it's an aggravated rape charge. And the defendant's name is Ronnie Lee Holt. And from what I can understand, all of the motions have been resolved

---

[1] <u>Kirk</u> indicates that this rule was cited as viable authority until 1999. <u>See Kirk</u>, 2003 Tenn. Crim. App. LEXIS 72, at *4.

|  |  |
|---|---|
|  | and the only thing that I'm doing today is taking this case for trial; is that right? |
| [Defense Counsel]: | That's right. |
| The Court: | And is the State ready on the case? |
| General Cooper: | Yes, Your Honor, the State's ready. |
| The Court: | And, Mr. Davidson, is the defendant ready? |
| [Defense Counsel]: | Your Honor, the defendant's ready. |
| The Court: | Okay. Now, I understand that you were originally supposed to come back at 1:00; and, therefore, the defendant isn't here right now. But are you willing to waive his presence during the beginning of the Jury selection? |
| [Defense Counsel]: | That's correct, Your Honor, we waive his presence during the Jury selection. |
| … |  |
| General Cooper: | Your Honor, you're not going to swear the Jury in before the defendant arrives? |
| The Court: | No, no, no. If you get the Jury in ten minutes, then what we're going to have to do is just wait until the defendant arrives. I won't swear the Jury in until the defendant arrives. |
| [Defense Counsel]: | He – he was told to call my office at 1:00 and they'll give him the message to come to this Court. So I suspect he'll probably be here about 1:30. |

In our view, the trial transcript does not demonstrate an apparent jurisdictional deficiency requiring habeas relief. In support, we note that the record, as presented, indicates that the petitioner knew of the time and place of trial but does not definitively establish that the petitioner's absence from *voir dire* was not voluntary. See Kirk, 699 S.W.2d at 819. Therefore, because the determination would require proof beyond the judgment and record presented on appeal, it is not cognizable in a habeas proceeding. Habeas relief is extraordinary and requires that the petitioner show that the jurisdictional defect is apparent from the face of the record and necessitates no further inquiry or proof. That burden has not been met here.

**Conclusion**

Because the petitioner has failed to show that the record contains an apparent jurisdictional deficiency, we affirm the denial of habeas relief.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-