GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

v.

TERRANCE BROWN, Appellant

No. 74-1794

United States Court of Appeals

Third Circuit

Argued December 3, 1974

Filed January 2, 1975

GEORGE M. ALEXIS, ESQ., St. Thomas, V.I., *for appellant*

R. ERIC MOORE, ESQ., Assistant U.S. Attorney, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, VAN DUSEN and ROSENN, *Circuit Judges*

OPINION OF THE COURT

ROSENN, *Circuit Judge*

The single issue in this appeal is whether the voir dire examination of prospective jurors in a criminal trial without the presence of the defendant and over the objection of his counsel violated the defendant's constitutional and statutory rights.

Appellant, Terrance Brown, was arrested on charges of robbery, in violation of 14 V.I.C. § 1861 (1964), and as-

sault in the third degree, in violation of 14 § V.I.C. § 297 (2) (Supp. 1973). After his arraignment, at which he appeared with counsel and pleaded not guilty to both charges, Brown was released on $2,500 personal bond, one of the conditions of his release being his voluntary appearance for trial. On April 23, 1974, Brown was served with a subpoena ordering him to appear in court on April 30, 1974, at 9:00 A.M., at which time his trial was to commence.

Despite the subpoena, Brown did not appear at the appointed time. His counsel was present, however, and submitted a series of voir dire questions to the court, all but one of which were accepted. After this submission, counsel objected to the selection of the jury in the defendant's absence on the basis "that the jury might make some inferences prejudicial to" his client. The trial judge was concerned about the absence of defendant, but did not wish to delay the jury selection process because there was present a large array of jurors which he did not want to detain all day.[1] To eliminate any possible prejudice, the judge admonished the prospective jurors, both before and after the voir dire questioning, that no inferences could be drawn from defendant Brown's absence. Prior to the attorney's exercise of their peremptory challenges, the court recessed until Brown could be located.[2]

---

[1] After the objection of defense counsel, there was an unreported conference at sidebar at which the judge apparently asked defense counsel the whereabouts of his client. The judge then addressed the prospective jurors:

Before I begin, I want to make it very clear to the panel you should draw no inference as to the absence of Mr. Terrence [sic] Brown. I don't know why he is not here. And as I mentioned before, since we took so long in empaneling the jury in the first case it may very well have been he thought he wouldn't have been reached until this afternoon, and we are now looking for him to try to get him to come to the courtroom. But since you are here and we have called such a large array of jurors I would like to go forward with as much of the voir dire as we possibly can so you won't be detained all day.

[2] Prior to recessing, the judge said to the jury:

Now, ladies and gentlemen, we have a very peculiar situation. I do not like to have the attorneys exercise peremptory challenges without the presence of their client, so I am going to ask you to come back at 2:30, . . . and we might be in a position to go forward with the exercise of peremp-

Brown appeared in the afternoon of that day, offering no explanation for his absence that morning. He made no objection to the veniremen remaining after the voir dire examination. Peremptory challenges by the attorneys were thereupon exercised in his presence. Throughout the remainder of the proceedings, Brown was present and in a position to assist his counsel in his defense. Brown was convicted on both the robbery and the assault charges, and was sentenced to three and five years of incarceration respectively, the sentences to run consecutively. This appeal followed. We affirm.

Relying on Lewis v. United States, 146 U.S. 370 (1892), and Rule 43 of the Federal Rules of Criminal Procedure, Brown contends that he "is entitled to be present on at least every occasion when the jury is present." Were the doctrine of Lewis, a capital case, wholly intact today, Brown's position would be well taken since Lewis does hold that all stages of a felony trial, including the impaneling of the jury, must proceed in the presence of the defendant, and that neither he nor his counsel may waive the right to be personally present. However, in Diaz v. United States, 223 U.S. 442 (1912), a noncapital case, the Supreme Court applied a gloss to the Lewis rule and held that one who is accused of a felony and who is not in custody may waive his right to be present at his trial by his voluntary absence. The waiver principle enunciated in Diaz is codified by Rule 43 which provided in relevant part at time of trial:[3]

---

tory challenges.

I am sorry this happened this way. But I don't want any inferences drawn against the defendant, we don't know what happened, why he is not here. And we just hope we can solve this problem after lunch. So it will be at 2:30 if you will come back at that time.

[3] The rule was amended, effective August 1, 1975, to read in pertinent part:

(a) Presence required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued presence not required. The further progress of the trial

The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict.

In Taylor v. United States, 414 U.S. 17 (1973), the defendant, after being present at the morning session, absented himself from the remainder of the trial. The trial court refused to declare a mistrial but cautioned the jury that no inference of guilt could be drawn from petitioner's absence. After noting that the defendant's absence was voluntary, the Court observed:

Petitioner had no right to interrupt the trial by his voluntary absence. . . . The right at issue is the right to be present, and the question becomes whether that right was effectively waived by his voluntary absence. Consistent with Rule 43 and Diaz, we conclude that it was. Id. at 20.

In the instant case, Brown attempts to avoid the teachings of Diaz and Taylor by noting that both involved situations where the defendants absented themselves after appearing at the commencement of the trial. While the language of Rule 43 does give some support to this distinction, the language appears to be merely a paraphrase of the Court's holding in Diaz, and under the circumstances of that case, we do not attach any special significance to it.[4]

---

to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), . . . .

For effective date, See 416 U.S. 1001 (1974).

[4] In Diaz, the defendant had been present at all the proceedings preliminary to, and the commencement and major part of, the trial. However, in the latter stages of the trial he voluntarily absented himself. The Court wrote:

[W]here the offense is not capital and the accused is not in custody, the prevailing rule has been that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or

On the contrary, we do not perceive any talismanic properties which differentiate the commencement of a trial from later stages. It would be anomalous to hold that a defendant cannot waive his right to be present during the period of often routine voir dire questioning but can waive that right during the time when witnesses against him are presenting crucial evidence.

The commencement of a trial in the absence of a defendant might have special significance under Rule 43 if the defendant did not know when the trial was to begin.[5] Under such circumstances, a defendant's absence obviously could not be said to be a waiver of his right to be present. This, however, is not the situation here. Brown was released on bail, one of the conditions of his release being that he appear at the start of his trial. See Stack v. Boyle, 342 U.S. 1, 4 (1951). Moreover, he was served with a subpoena notifying him of the date and precise time his trial was to commence. When Brown finally appeared at his convenience in the afternoon, he offered no explanation for his absence in the morning. We hold that Brown's willful absence from the voir dire examination under such circumstances was knowing and voluntary, and that this voluntary absence was a waiver of both his constitutional and statutory right to be present at the commencement of his trial.

We find support for our position in United States v. Tortora, 464 F.2d 1202 (2d Cir.), cert. denied sub nom. Santoro v. United States, 409 U.S. 1063 (1972), which held in a closely analogous situation that

a defendant may waive his right to insist that his trial begin only in his presence. When a defendant has pleaded to the charges against

---

prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present. 223 U.S. at 455.

[5] We recommend to the district courts that when the trial commences they note on the record the presence of the defendant.

him and knows that the trial of the charges is to begin on a day certain, the trial may start in his absence if he deliberately absents himself without some sound reason for remaining away. Under the circumstances of this case, Santoro's failure to attend court on August 16, when he knew that a jury would be selected and evidence presented, was a knowing and voluntary waiver of his right to be present at trial. Id. at 1208.

A contrary rule, as suggested by the defendant, runs counter to common sense and would be a travesty of justice. It would allow an accused at large upon bail to immobilize the commencement of a criminal trial and frustrate an already overtaxed judicial system until the trial date meets, if ever, with his pleasure and convenience. It would permit a defendant to play cat and mouse with the prosecution to delay the trial in an effort to discourage the appearance of prosecution witnesses or to continue it in the event he finds the designated trial judge or jury venire disagreeable. A defendant has a right to his day in court, but he does not have the right unilaterally to select the date and hour. He may not distort that right to thwart the effective administration of justice. In these circumstances, the words of Justice Cardozo[6] are particularly appropriate:

But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true.

The judgment of the district court will be affirmed.

---

[6] Snyder v. Massachusetts, 291 U.S. 97, 122 (1934).