### GOVERNMENT OF THE VIRGIN ISLANDS

v.

### GEORGE, Samuel, Appellant.

#### No. 81–1418.

United States Court of Appeals, Third Circuit.

Argued April 29, 1982.

Decided June 1, 1982.

George M. Alexis, Federal Public Defender, Michael A. Joseph (argued), Acting Federal Public Defender, Christiansted, St. Croix, U.S.V.I., for appellant.

Ishmael A. Meyers, U. S. Atty., James S. Carroll, III (argued), Asst. U. S. Atty., Charlotte Amalie, St. Thomas, U.S.V.I., for appellee.

Before GARTH, Circuit Judge, ROSENN, Senior Circuit Judge, and HIGGINBOTHAM, Circuit Judge.

## OPINION OF THE COURT

GARTH, Circuit Judge.

Rule 43 of the Federal Rules of Criminal Procedure provides that a defendant shall be present at every stage of his trial, except that a defendant shall be considered to have waived his right to be present at trial whenever, after initially being present, he voluntarily absents himself after the trial has commenced.[1] Appellant Samuel George asserts that the district court failed to comply with Rule 43 when he was tried for rape, robbery, and other offenses because, although he was present when the jury was selected, he was not present when the court administered the oath to the jury and began the taking of testimony.

George does not take issue with the district court's finding that his absence from trial was voluntary,[2] but argues that since the trial did not "commence" for Rule 43 purposes until the jury or first witness was sworn, he had not initially been

---

1. Rule 43 states, in relevant part:

   (a) **Presence Required.** The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

   (b) **Continued Presence Not Required.** The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

   (1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial). . . .

2. On December 5, 1980, after the jury had been selected, the court announced in George's presence that the trial would resume on December 15 at 8:45 a. m. On the morning of December 15, George, without explanation, failed to appear. His attorney was present in court but objected to "the commencement of the trial without the presence of the defendant." Appellee's App. at 7. When George finally arrived in court after the luncheon recess, his only explanation for his absence was that he had been given two dates—the 15th and the 16th—for the resumption of the trial, and had not been served with a subpoena directing him to appear at a particular time. *Id.* at 75–76.

present, had not voluntarily absented himself *after* the trial had commenced, and hence had not waived his right to be present under the Rule. Because we hold that a trial "commences" for Rule 43 purposes (as distinguished from double jeopardy purposes) when jury selection begins, not when the first juror or witness is sworn, we find no error by the district court in proceeding with the trial in George's absence. For this and other reasons,[3] we will affirm George's conviction.

■ Although it is true that jeopardy does not attach until the jury is sworn, *Crist v. Bretz*, 437 U.S. 28, 35–38, 98 S.Ct. 2156, 2160–2162, 57 L.Ed.2d 24 (1978); *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), or, in a nonjury trial, until the first witness is sworn, *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975), it does not follow that the same test must be applied in determining when a trial "commences" for purposes of Rule 43. As the First Circuit stated in a case involving facts almost identical to those here:

> With regard to a defendant's presence at trial, the trial commences "at least" from the time that the work of impaneling jurors begins. *Hopt v. Utah*, 110 U.S. 574, 578 [4 S.Ct. 202, 204, 28 L.Ed. 262] (1884). The challenging of prospective jurors is an essential part of the trial, as shown both by the case law, *Lewis v. United States*, 146 U.S. 370, 374 [13 S.Ct. 136, 137, 36 L.Ed. 1011] (1892), and by Rule 43's reference to "every stage of the trial including the impaneling of the jury." The concept that a defendant could go through trial proceedings to the point of selecting the entire jury and then, perhaps because he was dissatisfied with the complement thereof, freely depart, does not appeal to us. To draw the bright line at the formality of swearing the jury would frustrate the purpose of Rule 43.

*United States v. Miller*, 463 F.2d 600, 603 (1st Cir.), *cert. denied*, 409 U.S. 956, 93 S.Ct. 300, 34 L.Ed.2d 225 (1972). We agree with this analysis.

The principle that a trial "commences" for Rule 43 purposes when jury selection begins was implicit in our holding in *Government of the Virgin Islands v. Brown*, 507 F.2d 186, 11 V.I. 453 (3d Cir. 1975). In *Brown*, the defendant was absent when jury selection began, but was present at the conclusion of jury selection and during the remainder of the trial. This court assumed that since the defendant had been absent when jury selection began, he had been absent at the commencement of his trial, but went on to hold that Brown had nevertheless waived his Rule 43 right to be present during the selection of the jury.[4] *See also United States v. Tortora*, 464 F.2d 1202, 1208–10 (2d Cir.), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972).

The judgment of conviction will be affirmed.

---

3. George also argues that the district court abused its discretion in refusing to declare a mistrial after the Government elicited testimony that the victim of the rape had contracted gonorrhea. There was no evidence presented at trial that George had gonorrhea at the time the crime was committed. Although the admission of this testimony was prejudicial to George, we believe that this prejudice was fully cured by the court's elaborate instructions to the jury to disregard the testimony. The error in admitting the testimony thus was harmless and the court did not abuse its discretion in declining to grant a mistrial.

4. The court explained:

> [W]e do not perceive any talismanic properties which differentiate the commencement of a trial from later stages. It would be anomalous to hold that a defendant cannot waive his right to be present during the period of often routine voir dire questioning but can waive that right during the time when witnesses against him are presenting crucial evidence.

507 F.2d at 189, 11 V.I. at 457.