IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-60227
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUG KROUT,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas

_____

(June 19, 1995)

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Doug Krout was convicted, <u>in absentia</u>, on a charge of possession of more than fifty kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Krout was in the courtroom when the jury was selected, but the jury was not sworn until trial resumed several days later. By then, he was gone. He simply failed to appear on the day that the government was scheduled to start presenting its case. Nevertheless, the trial went forward, and the jury convicted him. Now he argues that the district court erred by trying him in his absence. He also argues that the court erred by dismissing a

juror. For the reasons set out below, we hold that his absence constituted a waiver of his right to be present at trial, that the district court did not abuse its discretion in resuming trial proceedings without him, and that the dismissal of a juror did not constitute reversible error. We first set out a few background facts before reaching the primary question that this appeal presents.

I

While driving through a border patrol checkpoint on April 21, 1992, Krout aroused the suspicions of border patrol agents and then fled. A high-speed chase ensued that ended with Krout wrecking his car. After a short chase on foot, Krout was arrested. During a search of his car, the border patrol found about eighty-three kilograms of marijuana in the trunk.

The next month, a grand jury returned a one-count indictment charging Krout with possession of more than fifty kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). On June 30, 1992, the parties--with Krout present--selected a jury and the court announced that trial would begin on July 9. The jury was not sworn that day. Sometime between jury selection and the presentation of evidence, a magistrate judge dismissed a juror without notice to the parties. The juror had informed the district court that he had scheduled an out-of-town trip, and the court had advised the juror that he would not be required to serve on the jury if the case was to be tried

between July 10 and 25. On July 9, the day for resuming the trial, Krout failed to appear in court.[1] After issuing a bench warrant for his arrest and holding a hearing, the court granted the government's motion pursuant to Fed. R. Crim. P. 43 to try Krout in his absence. The jury returned a guilty verdict the next day.

Over a year later, on August 21, 1993, Krout resurfaced when he was arrested in Houston on an unrelated criminal matter. He was sentenced, and the judgment against him was entered, on March 29, 1994.

We now consider whether the district court either erred in proceeding to try him in his absence,[2] or in refusing to grant a mistrial in connection with the dismissal of a juror. We will discuss each of these matters in turn.

---

[1] On July 6, 1992, a pretrial services officer tried to contact Krout to inform him that the resumption of his trial had been moved up to July 7, but was unable to reach him. The officer spoke to Krout's sister, who informed the officer that Krout did not know of the July 7 trial date but would appear on July 9.

On July 7, a different district court judge called the case for proceedings to resume. Krout did not appear. Krout's attorney advised the court that he had been unable to reach his client to inform him of the July 7 date, and that Krout did not return any telephone messages left by his attorney. Because Krout was absent, the court reset the case to the original July 9 date.

[2] Krout also argues that the district court violated his constitutional rights, specifically his Fifth Amendment due process right and his Sixth Amendment right to confront witnesses, when it proceeded to trial without him. To the extent that Krout's arguments have substance, they are co-existent with the validity of his waiver under Rule 43 and accordingly are not considered separately.

A

Codifying existing caselaw, Rule 43 of the Federal Rules of Criminal Procedure mandates the presence of the defendant "at the arraignment, the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of the sentence." The rule recognizes exceptions, however: relevant here is its declaration that "[t]he further progress of the trial . . . shall not be prevented and the defendant shall be considered to have waived the right whenever a defendant, initially present . . . is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court or the obligation to remain during the trial)." Fed. R. Crim. P. 43(b)(1).

As an initial matter, we must consider an issue of first impression in this circuit: when, for purposes of Rule 43, does a trial commence. Under Rule 43(b), the defendant's voluntary absence "after the trial has commenced" is deemed a waiver of his right to be present. The district court stated, in its ruling on the government's motion to proceed in Krout's absence, that "the case law establishes that the trial commences at the time the jury voir dire process begins for purposes of Rule 43. This case has commenced for purposes of Rule 43."

Relying upon double jeopardy cases and contending that "[t]here is no rational distinction between double jeopardy and the right to be present at trial in deciding when the trial begins,"

Krout asserts, however, that the trial did not commence until the jury was sworn.

We disagree with Krout's view of when trial begins under Rule 43. Other circuits that have considered the issue have held that, for purposes of Rule 43, a trial commences when the parties begin jury selection. The First Circuit reasoned that Rule 43 did not refer to the commencement of jeopardy, but instead referred to the commencement of trial, and stated that "[w]ith regard to a defendant's presence at trial, the trial commences 'at least' from the time the work of impaneling jurors begins." United States v. Miller, 463 F.2d 600, 603 (1st Cir.), cert. denied, 409 U.S. 956 (1972). The Third Circuit applied Miller's reasoning to a situation that is extremely close to this case,[3] finding that trial "commences" for Rule 43 purposes when jury selection begins. Government of the Virgin Islands v. George, 680 F.2d 13, 15 (1982). The Fourth Circuit, furthermore, recently reversed a conviction, basing its decision in part upon Rule 43's requirement that the defendant be present during the impanelment of the jury. United States v. Camacho, 955 F.2d 950 (4th Cir. 1992).

---

[3]In George, the defendant was present for jury selection, then failed to appear when trial resumed ten days later. George, 680 F.2d at 14. The defendant did, however, eventually return to court. The district court, nevertheless, had resumed its proceedings without him. The jury convicted him of the offenses with which he was charged, and on appeal he made some of the same arguments that Krout is presenting today. Id. at 14-15.

We find the reasoning of our sibling circuits to be persuasive on this issue and hold that, for the purposes of Rule 43 of the Federal Rules of Criminal Procedure, trial begins when jury selection begins. The most compelling reason for this interpretation is the plain language of the Rule itself. The Rule simply states that the defendant is required to be present "at every stage of the trial including the impaneling of the jury." Indeed, our research, does not reveal a contrary interpretation of the Rule. The trial, therefore, had commenced when Krout decided to depart.[4]

B

With the "commencement of trial" issue resolved, we must now address Krout's argument that the district court erred when it resumed trial without him because he did not knowingly and voluntarily waive his right to be present. He argues that because there is no evidence that he knew that the trial could proceed without him, or that he had the right to be present throughout his trial, or that this right could be waived, the trial court erred when it carried on proceedings without him. We think that although

---

[4]We note that this interpretation is consistent with the Supreme Court's reasoning in <u>Crosby v. United States</u>, ___ U.S.___, 113 S.Ct. 748 (1993), that looked to the plain language of Rule 43 to find implicitly that the impanelment of the jury is considered a stage of the trial. We also note that the result we reach today is in accord with our determination of when trial begins under the Speedy Trial Act, 18 U.S.C. § 3161 <u>et seq.</u> <u>See</u> <u>United States v. Howell</u>, 719 F.2d 1258 (5th Cir. 1983), <u>cert. denied</u>, 467 U.S. 1228, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984).

-6-

the district court properly engaged in the balancing test of determining whether to proceed in the absence of the defendant,[5] that question is irrelevant now because under the circumstances before us it is clear that pursuant to the very language of Rule 43, the defendant waived his right to be present at trial. Rule 43 states that "the defendant shall be considered to have waived the right to be present when a defendant, initially present, . . . is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial)." Although Krout argues that the record at the time of the hearing does not show unequivocally that he voluntarily absented himself from the proceedings, we cannot find error in the court's determination, especially in the light of the fact that Krout was apprehended over one year later. Because the defendant waived his right to be present at the proceedings, the district court did not abuse its narrow discretion by resuming trial.

---

[5]In deciding whether to continue a trial in the absence of the defendant, the court "must at the time make a record inquiry to attempt to ascertain the explanation for the absence of the accused and whether, balancing the likelihood that the trial could soon take place with the defendant's presence against the undue convenience or prejudice occasioned by a slight delay or a rescheduling of the trial. United States v. Beltran-Nunez, 716 F.2d 287, 291 (5th Cir. 1983). In the instant case, the district court postponed the trial for two days, and after the case was called a second time the court immediately conducted a Rule 43 inquiry in which the judge discussed the factors of United States v. Benavides, 596 F.2d 137, 139-40, and made appropriate findings.

Finally, Krout contends that the district court erred when it refused to grant his motion for a mistrial because of the dismissal of a juror by a magistrate judge, and his replacement with a duly empaneled alternate juror by the district judge, when trial resumed.

Concededly, this case presents somewhat unusual circumstances. Sometime between jury selection and resuming the trial, a magistrate judge excused a juror without notifying the parties. In denying Krout's motion for a mistrial, the district court stated "I wish we had been consulted before [the juror] had been released, but I don't believe that--since we have three alternates, I don't believe that's grounds for a mistrial." Krout contends that he had no opportunity to challenge the magistrate judge's decision and that he believed that the juror was favorable to his cause.

The district court's decision not to grant a mistrial is reversible only if it abused its discretion. United States v. Willis, 6 F.3d 257, 263 (5th Cir. 1993). We review the decision to substitute an alternate juror under Fed. R. Crim. P. 24(c) for prejudice. See United States v. Phillips, 664 F.2d 971, 993 (5th Cir. 1981). Without a showing of bias or prejudice, the court's decision to replace a juror is not to be disturbed. United States v. Rodriguez, 573 F.2d 330, 333 (5th Cir. 1978).

Krout does not explain precisely in what respect the district court's decision constitutes an abuse of discretion that would

require a reversal of his conviction.  Instead, he simply restates the facts, and quotes the district court's ruling.  He also implies that, because the juror was excused by a magistrate judge that was acting without authority, the district court abused its discretion in denying his motion for a mistrial.  Then, Krout says, in addition to abusing its discretion, the district court violated Rule 43.

We find that Krout has failed to show bias or prejudice in the court's decision, or that the decision prejudiced his case.  "Every [juror] replacement involves a change in the jury's composition. How much weight should be given this factor is a matter for the sound discretion of the trial judge."  Rodriquez, 573 F.2d at 333. Krout does not assert any grounds for impuning the motives of the court, nor does he contend that the resulting jury was deficient. Instead, he simply states a "belief" that the excused juror was favorable to his case.  Moreover, Krout had the opportunity to challenge the qualifications of alternate jurors when they were selected.  Thus, he has failed to show bias or prejudice, and, accordingly, the district court did not abuse its discretion in refusing to grant a mistrial.

## II

To sum up, we find that, for the purposes of Rule 43 of the Federal Rules of Criminal Procedure, trial commences when the jury selection process begins.  We also find that because Krout voluntarily absconded after the process had begun, and certainly

now in the light of his greater than one-year absence, the district court did not abuse its discretion in proceeding with the trial. Finally, the district court did not abuse its discretion by refusing to grant a mistrial when a juror was excused by a magistrate judge because Krout failed to show how this decision biased or prejudiced him. Thus, for the foregoing reasons, the judgment of the district court is

A F F I R M E D.