# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1661

_____

Jorge Rodriguez-Calderon,

       Appellant,

   v.

United States of America,

       Appellee.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Missouri.
      [UNPUBLISHED]

_____

Submitted: March 31, 1997

Filed: April 4, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

After a jury trial, Jorge Rodriguez-Calderon was convicted of conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(I)(2). He received concurrent prison sentences of 262 months on the conspiracy count and 240 months on the money-laundering count, to be followed by 5 years of supervised release. We affirmed the sentences on direct appeal. See United States v. Ortiz-Martinez, 1 F.3d 662, 670, 675-78 (8th Cir.), cert. denied, 510 U.S. 936 (1993). Rodriguez then

filed this section 2255 motion. The district court[1] denied the motion, and Rodriguez appeals. We affirm.

Rodriguez claimed in his section 2255 motion that the district court violated his due process rights and Federal Rule of Criminal Procedure 43 when--during a side-bar conference while Rodriguez was outside the courtroom--the court replaced with an alternate a juror who was experiencing back problems. He also claimed that the district court violated Federal Rule of Criminal Procedure 32 by failing to make factual findings on disputed sentencing issues; he maintained that the error was aggravated because the presentence report (PSR) was based on extensive, ex parte communications between the prosecution and the probation officer, in violation of his due process rights. We agree with the district court that these claims are procedurally barred, as Rodriguez failed to raise them on direct appeal. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam).

We reject Rodriguez's related claims that counsel was ineffective for failing to object to the juror replacement, the ex parte information, and the district court's failure to make factual findings on his objections. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (ineffective-assistance standard). The juror was replaced with an alternate for a legitimate reason, following discussions during which defense counsel was present. United States v. Krout, 56 F.3d 643, 647 (5th Cir. 1995), cert. denied, 116 S. Ct. 782 (1996); United States v. Brown, 571 F.2d 980, 986-87 (6th Cir. 1978). As to the alleged ex-parte communications, Rodriguez does not explain specifically what information counsel should have objected to, or how counsel's failure to object

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

prejudiced him.  Moreover, communications between the prosecution and the probation office are not impermissible.  <u>See</u> Fed. R. Crim. P. 32(b)(6)(B) (parties may object to PSR); <u>cf.</u> <u>United States v. Johnson</u>, 935 F.2d 47, 49-50 (4th Cir.) (probation officer is neutral, information-gathering agent of court; ex parte communications between court and probation officer permissible), <u>cert. denied</u>, 502 U.S. 991 (1991).  Finally, any Rule 32 objection by counsel would have been useless, because the record shows that Rodriguez did not object to any facts in the PSR; rather, he objected only that the facts did not warrant a role-in-the-offense increase in his sentence and instead warranted a minimal-participant decrease--objections the sentencing court overruled.  <u>See</u> <u>United States v. Cureton</u>, 89 F.3d 469, 473-74 (7th Cir. 1996).  Thus, counsel's alleged ineffective assistance cannot constitute cause to excuse Rodriguez's failure to raise the underlying substantive issues on direct appeal.

Rodriguez also claimed that Sentencing Guideline Amendments 439 and 503, both of which became effective after he was sentenced, applied retroactively to reduce his sentence.  We agree with the district court that this claim is not properly raised in a section 2255 proceeding.  <u>See</u> <u>Auman v. United States</u>, 67 F.3d 157, 161 (8th Cir. 1995) (ordinary questions of Guidelines interpretation falling short of miscarriage of justice are not cognizable in section 2255 proceeding); <u>Grant v. United States</u>, 72 F.3d 503, 506 (6th Cir. 1996) (claim for retroactive application of Amendment 439 "falls far short" of being cognizable in 2255 motion).

The judgment is affirmed.

A true copy.

Attest:

       CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.