UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4788

MARK JAY ALLEN, a/k/a Justin Mark
Allen,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, Jr., District Judge.
(CR-97-480-7)

Submitted: April 30, 1999

Decided: May 28, 1999

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Harold Watson Gowdy, III, Assistant United States Attorney, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Jay Allen was indicted on two counts of assault of a postal employee with intent to rob (18 U.S.C.A. § 2114(a) (West 1984 & Supp. 1999)), one count of possession of a firearm by a convicted felon (18 U.S.C.A. § 922(g)(1) (West 1976 & Supp. 1999)), and two counts of using and carrying a firearm during and in relation to a crime of violence (18 U.S.C.A. § 924(c) (West 1976 & Supp. 1999)). After jury selection, Allen escaped from custody. The district court proceeded with the trial in Allen's absence and the jury found Allen guilty on all five counts of the indictment. The district court sentenced him to 627 months in prison. Allen appeals. Finding no merit to his claims, we affirm.

First, Allen contends that the trial court erred by trying him in his absence. We find that the trial had commenced for purposes of Federal Rule of Criminal Procedure 43 before Allen escaped and that the district court did not abuse its discretion by proceeding with the trial in Allen's voluntary absence. See Fed. R. Crim. P. 43; United States v. Krout, 56 F.3d 643, 645-46 (5th Cir. 1995); United States v. Camacho, 955 F.2d 950, 953-54 (4th Cir. 1992).

Allen also charges that the district court erred by failing to dismiss the jury panel after learning that many of the jurors knew that Allen had escaped and that, in particular, the court should have discharged the juror who knew not only that Allen had escaped, but that he had car jacked a woman in the process. The judge questioned each juror about his or her knowledge of the escape and whether Allen's absence would affect his or her decision about Allen's guilt or innocence, and then instructed them that Allen's absence had nothing to do with his guilt or innocence and that he was presumed innocent until proven guilty beyond a reasonable doubt. Only one juror stated that the reason for Allen's absence would affect her decision and the judge dis-

2

charged that juror. We find that the district court's decision not to excuse the rest of the jury panel, including the one juror who knew not only of the escape but also about the car jacking, was not an abuse of discretion. See Poynter v. Ratcliff, 874 F.2d 219, 222 (4th Cir. 1989).

For these reasons, we affirm Allen's conviction. We deny his motions to have his court-appointed lawyer removed from his case and to have new counsel appointed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED